CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REV. PIERRE A. RENOIR, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00677 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | |
| SGT. HAMILTON, et al., ) | By: James C. Turk |
| Defendants. ) | Senior United States District Judge |

Rev. Pierre A. Renoir, a Virginia prisoner proceeding pro se, filed this action as letter in Case Number 7:06-cv-641, stating additional evidence. The earlier case, brought pursuant to 42 U.S.C. § 1983, alleged constitutional violations by employees of Red Onion State Prison (ROSP), while the letter alleged that prison officials at Wallens Ridge State Prison (WRSP) had threatened to have Renoir raped. Because the letter evidence did not pertain to events alleged in the earlier civil action, the court construed and filed the letter as a new civil action. Renoir has previously filed three civil complaints that the federal courts have dismissed for failure to state a claim on which relief may be granted; therefore, Renoir may not proceed with a civil action in this court unless he either prepays the $ 350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] Renoir has not shown that he is in danger of serious harm or prepaid the filing fee. Accordingly, the court dismisses his suit.

I.

Renoir alleges the following sequence of events. Two weeks after his transfer to WRSP, he discovered that he was not on the list to receive a hygiene bag. He went back to his cell to get account statements from ROSP, proving that he was indigent. The sergeant on duty told Renoir that

---

[1] See Renoir v. Miller, Civil Action No. 7:99cv00330 (W.D. Va. Dec. 21, 1999); Renoir v. Angelone, Civil Action No. 7:99cv00211 (W.D. Va. Oct. 29, 1999); and Renoir v. McMillan, Civil Action No. 7:99cv00356 (W.D. Va. June 28, 1999).

he had an attitude and threatened to charge Renoir with false disciplinary charges, get him placed in segregation, put in leg irons and handcuffs, and get a group of correctional officers to rape him. The sergeant then said, "Do you understand?" When Renoir said, "Yes," the sergeant told him to get back in his cell and "shut up." Renoir alleges that he now fears for his life, health, and safety.

In an amended complaint, Renoir also asserts that injuries he suffered in an alleged assault at ROSP require medical attention that is not available about WRSP. He seeks a restraining order and an emergency transfer order.

## II.

As the federal courts have dismissed three of Renoir's previous complaints for failure to state a claim and as Renoir has not prepaid the filing fee, he cannot proceed in this action unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Renoir has not demonstrated that he is in imminent danger of serious injury. Renoir does not allege any facts indicating that the sergeant would or could carry through on his threats of false disciplinary charges and gang rape. Renoir's stated fears and emotional distress do not demonstrate that he is actually in imminent danger of suffering the threatened harm. Moreover, mere verbal threats from an officer are insufficient to state any claim of constitutional dimensions. See Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (finding that allegations of guard's verbal harassment or idle threats to an inmate do not state constitutional claim).

Finally, he fails to allege any facts whatsoever indicating that he is in imminent danger from lack of medical attention. Indeed, he fails to allege any facts concerning the nature of his injuries, the type of medical attention he requires, or why such medical care is not available at WRSP. As Renoir fails to demonstrate that he is in imminent danger of any physical harm, the court dismisses

Renoir's complaint without prejudice pursuant to 28 U.S.C. § 1915(g).[2]

The Clerk is directed to send a certified copy of this order to the plaintiff.

ENTER: This 6th day of December, 2006.

*/s/ James C. Turk*
Senior United States District Judge

---

[2] The court has previously notified Renoir that he may not file civil actions in this court unless he either prepays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Renoir additional time to pay the filing fee or amend his complaint.